The Honorable, the judges of the United States Bankruptcy Appellate Panel for the 8th Circuit. Hear ye, hear ye, hear ye. The United States Bankruptcy Appellate Panel for the 8th Circuit is now in session. All persons having business before this Honorable Court may now draw near and they will be heard. God save the United States and this Honorable Court. You can be seated. The first case set for argument today, let's see, June 18, 2019, is case number 18-6023, N. Ray Michael G. Queen, etc. et al., Gary Francis Abel et al. v. Denise D. Queen et al. Okay, Ms. Jansen. Your Honors, may it please the Court. My name is Angela Redden Jansen. I represent the appellants Gary Abel and Metro Acoustics. The issue before this Court today is whether an interlocutory order of default entered by the State Court as a result of a sanction for failure to comply with discovery constitutes finality for purposes of issue preclusion. While this matter may not have been directly decided by this Circuit, it has been decided by more than half the other Circuits. And each of those Circuits that have decided this issue have determined that an interlocutory order or a default order entered for sanctions constitutes issue preclusion. The facts determined by that Court in that default motion entered for sanctions constitute finality for purposes of issue preclusion. Hasn't the Missouri Court of Appeals reached the same conclusion? Yes, Your Honor. In fact, there is a case that came down earlier this year out of the Southern District of Missouri that says for the purposes of an interlocutory order of default entered pursuant to 6101, where the actual interlocutory order of default arising out of Rule 7405 constitutes finality and is an adjudication on the merits. So it is not a true default order. It is a decision on the merits. Okay. But if I'm understanding Apelli's argument correctly, and we'll certainly clarify that in a few minutes, I would imagine, if I'm understanding Apelli's argument correctly, it's not so much that a sanction default can never be applied to collateral, or Lestoppel is never involved with such an order, but it's that there was no judgment, final judgment entered on the default. There was a judgment entered on the issue of liability. There was a judgment entered by the State Court that said the Apelli's, or the Queen's in this matter, entering a judgment against the Queen's on the complaint filed by my clients in the State Court. So there is a judgment on the merits. It has not been reduced to a number dollar certain because Missouri bifurcates that process. The first part of the process is the entry of the interlocutory order of default. The issues of damages is raised and reserved for a later date. Well, answer me this then. If, but for the bankruptcy, would anyone have been able to appeal from that judgment, in essence, determining liability for lack of a better description? No, Your Honors, but finality for purposes of appeal is not the same finality for purposes of issue preclusion. In fact, the Eighth Circuit in Twin Cities says a matter can be final for purposes of issue preclusion without being final for purposes of appeal. Right, and now I think you've gotten to the nub of what we're going to be called upon to decide. Aren't we guided by Missouri law, not by the circuit law or federal law, in a matter pertaining to the collateral estoppel effect of a State Court judgment? Yes, Your Honor. And has the Missouri courts addressed that issue? I do not believe so. It would be disingenuous for me to say yes. There have been situations where a default judgment or an interlocutory order of default has been entered, but not reduced to judgment and that there's been an appeal. That would be disingenuous. No, Your Honor, there are no cases on point in the State of Missouri with exactly this fact pattern. Okay, so we're going to be deciding a matter of first impression based upon our best estimate of what the Missouri Supreme Court would decide if confronted with this issue. Correct, Your Honors. Okay. If you look at the body of case law within the State of Missouri, the judgment finding liability is final. The only thing left, it's not final for appeals purposes, but it's final for purposes of determination of liability, whether or not they did what we said they did. How much the plaintiff was wronged by that damage would be reserved for the monetary phase or the determination of damages phase. And that was cut off in this case by the filing of the bankruptcy. Correct, Your Honors. But I think that still we can apply the principles from this district and from the Eighth Circuit that say once you have a determination of issue of the issue or finality of fault, then that determination goes forward. In fact, there's a body of case law that says finality for purposes of issue preclusion may mean nothing more than we have litigated a certain issue to a point where it makes no sense to relitigate it again. These people were in front of the state court for five and a half years. There were three separate sanction motions filed by plaintiffs in that case or appellants. It wasn't until the third sanction motion that a sanction was actually entered striking their pleadings and finding in favor of the plaintiffs. Okay. So let's get to that point. So we're here now. We've got a default judgment in state court entered as a sanction. So what facts did the state court find as a result of entering that default judgment? They found that there was a fiduciary duty. How are you defining fiduciary duty? How did the state court define fiduciary duty? The state court didn't particularly define fiduciary duty, but they found that there was a fiduciary duty and that it was a breach of that duty by defendants converting company funds for their own personal use or diverting company funds to pay their personal bills, by failing to pay the bills of the company, by refusing plaintiffs access to the company books and records, and by failing to account to the plaintiff. Well, let me rephrase, I guess, what I'm trying to ask. So are you saying that the bankruptcy judge felt that issue preclusion simply does not apply and therefore never addressed the question of did the default judgment establish certain facts? Yes, Your Honor, because the judgment from the bankruptcy court says the state court default judgment does not establish any facts for purposes of determining whether a judgment is proper under 523A4 claims raised in this matter. So it's my position that based on bankruptcy courts' belief that there was no finality for purposes of issue preclusion, they never got to the issue of whether or not there were any facts established in a state court judgment that could give rise to. So to be clear, so what you're saying is that this needs to go back to the bankruptcy court judge to decide what facts were actually established at the state court level. Correct, Your Honor. Yes, because at this point the bankruptcy court discounted that interlocutory order of default. Okay. Ms. Jensen, was there a final order entered in this case? In the underlying state court case? No, in did the order for summary judgment, was there an actual judgment entered? I believe there was, Your Honor. Was it something separate than Judge Rendlin's decision? I think he referred to it as an order for summary judgment. Was there a subsequent document that was actually a judgment entered after that order? I'm going to say I believe so, Your Honor. When you enter an order, at least in this district, it's a two-part. There's an order and a judgment, okay? Sometimes there's a stamp as near as I can tell. Yes. Sorry. Yes, it's a two-part, the order and the judgment. They're in the same document, you're saying? Because I've looked at that order. I don't see a judgment, and I didn't see one on the docket is my concern. I guess the docket will speak for itself. Is that fair? I guess so, Your Honor. I mean, I believe so. I earnestly believe that, yes, this is a final appealable order for purposes of our visit here today. In fact, I believe that the—I'm going to say yes. I'm going to go with yes. It's my final answer, Your Honor. Well, you don't have the benefit of looking at the docket right now, so if it's not, in fact, on the docket, we're not going to hold the fact that you earnestly believe that it's there against you. And I was prepared for several questions, but not this one. Fair enough. I guess the issue is the court in this case, most of the time when the court hears horse or hoof beat, they hear horses or they believe it's horses. But sometimes it's zebras. In this case, I acknowledge that the general default rule is the matter has not been litigated on the merits, and therefore there is no finality for purposes of issue preclusion for the bankruptcy court. But in this case, under the laws of the state of Missouri, that judgment was an adjudication on the merits according to the body of case law within the state of Missouri, notwithstanding whether or not it was reduced to a number dollar certain, because the bankruptcy court had the power to liquidate those damages. That's the issue that was before the bankruptcy court, not whether or not the debtors did what my client said they did, because that had already been determined by the state court. But what was the amount of damages due? Okay, so let's suppose we get past all of that. The next issue raised by counsel, or an issue raised by opposing counsel, was that you did not raise issue preclusion in the underlying proceeding. I don't believe that's true. There was a partial motion for summary judgment that talked about the issue of issue preclusion and finality, and that was rubber-stamped denied by Judge Rindland. And so that matter was actually argued. When we got to summary judgment motion, Your Honors, that issue had already been determined or denied by Judge Rindland. So the only thing left at this point was. And it's your position that that's part of this appeal? Correct, Your Honors. I believe it was also part of the docket and the record on appeal that was transmitted, and that order would have been an interlocutory order and not subject to appeal until finality of the case. I'm going to save your time. Yes, Your Honors. Thank you. May it please the Court? Good morning. My name is Jim Day. I'm an attorney for Mike and Denise Queen. They're the debtors and appellees in this matter. Basically, my arguments were going to go over a number of the issues that you've already raised today in no particular order. My position is that the judgment's not final. Well, let's unpack that just a little bit because I think there's a difference in finality. Maybe there's two different arguments to be made with respect to the default judgment. Are you disputing that Missouri law, if, let's take it back outside bankruptcy, and there's the sanction judgment and a determination of the damages and then a judgment incorporates all of that. Yes. Are you disputing that that would have collateral estoppel effect in a subsequent litigation under Missouri law? It could have collateral estoppel effect. My position is they did not get to the hearing of the damages. There's a final judgment. Right. If you get to that point, I don't think it has that binding effect. But for this bankruptcy filing, they would have proceeded to the hearing on damages, exhaust the appeals, whatever the process is going to be to get a final judgment. They never quite got to that point because of the bankruptcy case that I filed on behalf of the Queens. Okay. And we understand that. I just want to make sure that we're not having to decide a dispute regarding the first matter. In the abstract, if there had been a judgment incorporating a determination of damages, and under those circumstances you're not disputing that Missouri law says it would have collateral estoppel effect. Absolutely. Okay. So we're only talking about the finality because there was no determination of damages and a subsequent judgment. And I think I pointed out in my brief there was a way to do that. In the bankruptcy case, the appellants could have gotten relief from the state, resumed the litigation in state court, liquidated damages, exhaust appeals. There was a case that I cited that was one of the appellant's cases that laid out the procedure. I think it was Spielman in northern Illinois. That's the right way to do it. They didn't follow all the right steps. They did not get relief from the state. The state court case got dismissed for failure to prosecute during the pendency of this bankruptcy. They never kept it going. I think even if they kept it going to this point, there might have been a colorful argument about going back now and getting that finality. That hasn't happened. Judge, you also brought up a point about the summary judgment motion. That partial summary judgment, I was involved in that, was about a year before we went to the final briefs to determine liability. Both sides argued the motion. The judge from the bench said, I don't believe that that is appropriate here, and it was denied. There was no order entered. The docket entry, I think it just says, denied as withdrawn. There was never a formal order entered. I'm not really sure that that was preserved for appeal for purposes here today. It was a passing paragraph in the order on the issue of liability. However, that's what's been raised by the appellant here today. Then I think the second point I want to bring up is, even if you say that that state court order has collateral estoppel effect, the standard for 523A4, breach of fiduciary duty, or fraud and defalcation, and breach of a fiduciary duty, the elements are different. The state court complaint has general allegations about the breach of fiduciary to the company. However, Judge, you've had the renter decision. You've looked at these before. There's no express trust, no applied trust, no allegations that the Queens breached a fiduciary duty in conjunction with that trust. Wouldn't we have to do fact finding for us to get to that level? I'm just saying look at the state court pleadings and the allegations raised in that state court third amendment petition. Do you agree that the allegations in the state court complaint are the facts that were decided on the default judgment? They're the accurate facts. Those were the facts that were pled, and then the sanction motion said that the order just said rules in favor of the appellants on all counts. It doesn't specifically say anything in their order. It just says they struck the pleadings and rules in favor of appellants on all counts. So I'm saying, worst case, look at the counts and what they say. But isn't that up to the bankruptcy? Wouldn't that be up to the bankruptcy judge, though, to have to look at those allegations, those facts that were decided in the default? Well, because that order does not carry over into this proceeding. Judge Renlund looked at it, denied the collateral estoppel argument, and then he said let's go to the issues of liability, and both sides briefed it on depositions, documents. We submitted it and gave the judge an opportunity to review all the materials and render his decision. I'm sorry, go ahead. I was just going to say, I think the point is, and, again, this is a big if, we have to go if, if we get past the finality issue, okay? So let's assume that we disagree with you that it's not final. It's a hypothetical, I promise you. If we get past that point and we say that the facts involved in the state court action should have been considered by the bankruptcy court, we can't consider those facts and determine that 524A4 doesn't apply. So we would have to remand for him to take a look at those facts. Now, he may very well reach the conclusion that you're arguing, that those facts don't support a finding under 523A4, because that's a pretty high standard in terms of fiduciary duty. But I think Judge Saladino's point is we can't do that, because we'd get in trouble with the Eighth Circuit if we do any fact finding. I understand. However, you, in a way, can, because their second argument on appeal was related to the issue of the standard on the fiduciary duty and did they breach it. I think they had two issues on appeal. They argued the first one about collateral estoppel, but they actually had two. Right, but I don't think we can get to that second one. If we determine that the court should have looked at the findings, I don't think we get to the second issue, because I think at that point we have to remand. I think the second issue, though, relates to the issues that were brought before the court for them to issue. Right, but I think we're all in agreement. The bankruptcy court did not take into account any of the findings from the state. Well, whatever you want to call them. It did not take into account those findings. So someone needs to look at that and see whether or not the record has supplemented by those additional facts, whether that fits under 528-4. And we can't. I understand you can't. I think Judge Rayland already looked at that, though, when we argued the partial summary judgment motion back in July of 17, when he denied the Clara Lostoppel issue, when we argued that motion for partial summary judgment. I think that was done previously. He looked at that and he said, I don't think that it's his discretion that that is appropriate in this proceeding I want to go forward with. So was it done as a bench ruling? Because I saw the rubber stamp on the motion itself. I wish the record was a little clearer, but we both filed motion response. I can't remember if there was a secondary response reply. We had a day in court where both sides argued together, and the judge sat at the bench and he made a ruling. Do we have that transcript? And I can't remember what transpired that day. I don't know if they had it recorded or not. So we don't have a transcript of that? I don't know if they recorded it or not, to be honest with you. I don't remember seeing one in the docket that they had a recording of that. But then, and I can't, for the first time, remember why an order wasn't entered particularly on that particular motion. I just know on the docket entry, I think it's number 80, it says docket is denied as withdrawn. And that's where we were. It doesn't really give you any factual findings to rely on. Denied as withdrawn sounds like something much different than denied. And ruling from the bench, I know. All right. So while we're on finality, tell us whether, same question that Judge Nail posed to opposing counsel, was there a judgment entered by the Bankruptcy Court? Was there a judgment entered by the Bankruptcy Court? Bankruptcy Court entered an order for summary judgment, but was there a separate judgment? We're talking about summary judgment, not the liability on the cross-summary judgment motion? Either one. Well, no, I think the summary judgment motion. I think that's what you're asking about. Yeah, the summary judgment. On the federal issue. For this appeal, was there ever a judgment entered? No. We shouldn't be here. It would have been nice if someone had told us it wasn't final. I don't remember seeing it in your brief. I should have been a little more direct on it. I think that's come out when I was preparing for this today. I was trying to understand how. In your defense, we brought it up this morning, so we arguably could have brought it up sooner, too. I don't think anyone gets a gold star for not bringing it up. I apologize. Well, we apologize to you, too, then. If there are no further questions, thank you. Thank you. Ms. Jansen. Your Honor. I want to know about this withdrawn. I will be honest with you, Your Honor. I did not represent the appellants in the lower court, so all I have to work with is the record. My understanding is, and I'm basing my argument on the fact that there's the holding in the judge's ruling, an order that says the state court default judgment, because that's the basis, in my opinion, of his ruling in the summary judgment, is the state court default judgment does not establish facts for purposes of determining whether there's dischargeability pursuant to 523A4. But if your predecessor withdrew the motion that was filed on that basis and it wasn't raised in the summary judgment motion, has the argument been waived? I don't believe so, Your Honor, because whether or not my predecessor made that argument in the motion for summary judgment, judge, that was the ruling of the court. I believe the court brought the issue into whether or not that judgment was final by virtue of the ruling. Okay. I'm confused on which ruling. In terms of finality, are we talking about the motion for partial summary judgment? Are you talking about the motion that's at issue here today? The motion at issue here today, the summary judgment order here today, Your Honors, says there were no facts established by that state court interlocutory order of default. I believe that that was the basis of the court's ruling based on the plain language in the order, and that brings the issue of finality into play for purposes of this appeal. Because had the judge not said, I give no account to the state court judgment, and simply said I find no fiduciary duty, I don't think we're sitting here today. If you go back and look, though, at the earlier motion for partial summary judgment, the issue I think that we're talking about is whether or not the argument was waived because of the withdrawn language. Well, there's no withdrawal by my predecessor in the record. It's merely stamped by the court as denied as withdrawn. And so if we have to withdraw something, we have to file a formal motion withdrawing the matter. I have to say, come now. Things get orally withdrawn all the time. In my court, at least. The process here is when I withdraw something, I have to file a separate motion or memorandum withdrawing that matter. Generally, that's what I'm directed to do by the judge. I've never withdrawn something on the record and had that be it. But whether or not my predecessor withdrew, I don't think it's a relevant issue because the basis of the judge's ruling is that judgment, the state court judgment, establishes no facts for purposes of determining dischargeability, which I don't believe is accurate because the law of the state of Missouri is that judgment, that entry, that interlocutory order of default, is final for purposes of issue preclusion. And this circuit has acknowledged something can be final for purposes of issue preclusion without being final for appeal. In fact, we have cases that come out of this circuit that do with removal. When a case is removed to another court, in this case the bankruptcy court, the holdings of that prior court, notwithstanding whether or not they've been reduced to a number dollar certain, are final for purposes of that issue. And the bankruptcy court all the time, or at least can have the ability to liquidate the damages, which is what the court ought to have done in this case, is liquidate the damages. It had the authority. It had the control. Upon the filing of this case, the jurisdiction was removed from the state court, invested in the bankruptcy court. Okay, counsel, your time has expired. I'm sorry, Your Honor. Thank you. Thank you.